IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DIANA D. POULSON § | |
| § | |
| Plaintiff § | |
| § | |
| vs. § | |
| § | CASE NO. 2:05CV75 |
| TRANS UNION, LLC, CSC CREDIT SERVICES, INC., § | |
| EQUIFAX INFORMATION SERVICES, LLC., § | |
| EXPERIAN INFORMATION SOLUTIONS, INC., § | |
| DISCOVER FINANCIAL SERVICES, INC., USAA § | |
| CREDIT CARD BANK, SEARS ROEBUCK & CO., INC§ | |
| AND CITIBANK [USA], N.A. § | |
| § | |
| Defendants § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Trans Union LLC's ("Trans Union") motion for leave to designate a responsible third party. (Docket No. 29). Having fully considered the parties' written submissions, the Court **GRANTS** Trans Union's motion.

### BACKGROUND

Plaintiff Diana D. Poulson ("Poulson" or "Plaintiff") has filed suit against various credit companies alleging that the companies failed to remove her from delinquent credit accounts after being requested to do so. She claims that while she was married to William Eckert Jr. ("Eckert"), she was added to his credit accounts and never removed after they divorced. Since the divorce, Eckert's accounts have become extremely delinquent, causing Plaintiff's credit scores to suffer. Plaintiff has brought this suit under the Federal Credit Reporting Act and various state law claims seeking damages in excess of $75,000 plus punitive damages and reasonable attorneys' fees.

Trans Union has filed this motion to designate Eckert as a responsible third party to all of Poulson's common law claims pursuant to Texas Civil Practice and Remedies Code § 33.004(a). Trans

Union alleges that Eckert's negligence led to Poulson's continued inclusion on the delinquent accounts

## APPLICABLE LAW

Section 33.004 of the Texas Civil Practice and Remedies Code deals with the designation of responsible third parties. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (Vernon 2005). Previously, this section required joinder of a responsible third party. However, in 2003, the Texas Legislature amended section 33.004, dropping the joinder language and allowing the movant to merely designate a responsible third party. *Bueno v. Cott Beverages, Inc.*, 2005 WL 647026 at *6 (W.D. Tex. 2005). A careful review of the original statute and its amended form show that the legislature changed the definition of responsible third party removing the language whereby a responsible third party could have been but was not sued by the claimant. TEX. CIV. PRAC. & REM. CODE ANN. § 33.011 (Vernon 1995) (amended 2003); TEX. CIV. PRAC. & REM. CODE ANN. § 33.011 (Vernon 2005). Thus, a third party may now be designated under § 33.004 even if they could not be liable to the plaintiff. *Bueno*, 2005 WL 647026 at *6 (W.D. Tex. 2005). There are two main factors the Court has to consider on a motion to designate: 1) defendant must seek to designate the third party no later than 60 days before the trial; and 2) if plaintiff objects, plaintiff must show that defendant failed to allege sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements. *Id*.

## ANALYSIS

Trans Union has met the 60 day requirement, so the Court will seek to determine whether Poulson has shown Trans Union's failure to allege sufficient facts concerning the alleged responsibility of the third party. *Id*. Although Poulson cites a number of cases dealing with impleading third parties in FCRA claims, she fails to show why Eckert cannot be designated as a responsible third party with regard to the state common law claims. Thus, Trans Union has successfully designated Eckert as a responsible third party.

**CONCLUSION**

The Court finds that Trans Union has fulfilled the requirements of section 33.004 in designating Eckert as a responsible third party. However, the Court will hear arguments on submission of his percentage of responsibility to the jury at the appropriate time. Accordingly, Trans Union's motion to designate a responsible third party is hereby **GRANTED**.

**So ORDERED and SIGNED this 13th day of July, 2005.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**